UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

MAXINE RUSSELL

                    Plaintiff,

          v.                              Civ. Action No. 17-313

CORRECTIONS CORPORATION OF AMERICA,
THE DISTRICT OF COLUMBIA

                    Defendants.


                    **MEMORANDUM OPINION**

    Plaintiff Maxine Russell allegedly suffered injuries when she was a pretrial inmate at the Correctional Treatment Facility ("CTF") after she tripped and fell in her dark cell. She had complained about the inadequacy of the lighting in her cell in the weeks prior to her fall. She alleges that she did not receive proper medical attention which caused her condition to further deteriorate. She has since been released, and now sues the Corrections Corporation of America ("CCA") and the District of Columbia ("the District") bringing several claims based on her alleged injuries.

    Pending before the Court is the District's motion to dismiss Count Seven of Ms. Russell's complaint. Upon consideration of the motion, the response and reply thereto, the applicable law, the entire record, and for the reasons stated in

this Memorandum Opinion, the District's motion to dismiss Count Seven of the complaint is **GRANTED**.

**I. Background**

At all relevant times Plaintiff Maxine Russell was a pre-trial inmate at CTF, a correctional facility operated by CCA pursuant to a contract with the District. Compl., ECF No. 1-1 ¶¶ 2, 3, 9. She was held at CTF for approximately six weeks, from January 21, 2014 until March 4, 2014. *Id.* ¶ 10. During her time at CTF, she was held in a "tiny cell without light." *Id.* She alleges that these conditions led to her "experiencing serious traumatic and mental health injuries." *Id.*

Ms. Russell alleges that she made "many pleas" to CTF management and staff that the lack of light in her cell was causing her traumatic injuries, but CTF refused to transfer her to another cell or fix the lighting in her cell. *Id.* ¶ 11. About a month into her detention, Ms. Russell tripped and fell as she was trying to get to her bunk bed. *Id.* ¶ 12. The fall resulted in physical injuries, which she alleges were exacerbated because she did not receive "adequate physical and psychological medical care" after she fell. *Id* ¶ 13.

Ms. Russell subsequently filed this suit alleging violations of state and federal law. *See generally id.* Relevant to this motion to dismiss, Ms. Russell brings a claim for "Municipal Liability" (Count Seven) alleging that the District

was deliberately indifferent to her constitutional rights and the rights of other inmates. *Id.* ¶ 37–45.

The District has moved to dismiss Count Seven, the municipal liability claim. Def.'s Partial Mot. to Dismiss, ECF No. 14 Ms. Russell has filed an opposition to the motion, Pl.'s Opp'n, ECF No. 18, and the District has filed a reply, Def.'s Reply, ECF No. 29. The motion is ripe for adjudication.

## II. Legal Standard

A dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper if the plaintiff's complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss filed under Rule 12(b)(6), a complaint must contain sufficient facts, accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(citation omitted). When considering a motion under Rule 12(b)(6), the Court must accept as true all of the factual allegations contained in the complaint. *Id.* However, the Court is not bound to accept as true a legal conclusion couched as a factual allegation. *Id.* In addition, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* A claim is facially plausible when the factual content "allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. While

plausibility does not equate to the "probability requirement, [a plaintiff must show] more than a sheer possibility that a defendant acted unlawfully. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

**III. Analysis**

The District moves to dismiss the municipal liability count for failure to state a claim. Def.'s Partial Mot. to Dismiss, ECF No. 14. To succeed against a municipality, a plaintiff must demonstrate that a "municipal policy was the 'moving force' behind the constitutional violation." *Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). To determine municipal liability under 42 U.S.C. § 1983, a court must conduct a two-step inquiry. *Id.* First, a court must determine whether the plaintiff establishes a predicate constitutional or statutory violation. *Id.* If so, a court then determines whether the complaint alleges that a custom or policy of the municipality caused the violation. *Id.*; *see also Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy[.]" *Parker v. Dist. of Columbia*, 850 F.2d 708, 711-12 (D.C. Cir. 1988).

4

In her opposition, Ms. Russell references the "constitutional protection against cruel and unusual punishment," under "the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *See* Pl.'s Opp'n, ECF No. 18 at 4.[1] Ms. Russell argues two bases for a violation of the Eighth and Fourteenth Amendments: "the indifference of the defendants as a result of her conditions of incarceration" and "the failure by the defendants to provide her with necessary and adequate medical care." *Id.* The Court discusses each in turn.

**A. Confinement Conditions**

The Eighth Amendment[2] protects an inmate's right to "humane conditions of confinement," which includes "adequate . . . medical care" and "reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33, (1994). "[W]hen the State takes a person into its custody and

---

[1] When citing electronic filings throughout this Memorandum Opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

[2] "[A]n individual not yet convicted of a crime must challenge his or her treatment or the conditions of confinement under the Due Process Clause of the Fifth or Fourteenth Amendments rather than the Eighth Amendment." *Ali v. Rumsfeld*, 649 F.3d 762, 770 n. 10 (D.C. Cir. 2011). "Nevertheless, the Eighth Amendment standard for cruel and unusual punishment may be applied to custody of a pretrial detainee—even though such detainees have not been convicted of a crime and may not be subjected to punishment in any manner—since the conditions of confinement are comparable." *Young v. Dist. of Columbia*, 107 F. Supp. 3d 69, 77 (D.D.C. 2015).

5

holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." D*eShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989)(citation omitted). Generally, "'deprivations' that trigger Eighth Amendment scrutiny are deprivations of essential human needs." *Inmates of Occoquan v. Barry*, 844 F.2d 828, 836 (D.C. Cir. 1988).

Ms. Russell alleges that she was held in a "tiny cell without light," that her cell was "dark and dingy," and that CTF refused to transfer her to another cell or "fit her cell with proper lighting." Compl., ECF No. 1-1 ¶ 10-11. Her complaint simply alleges that these conditions were "cruel and unusual" without any factual support. *Id.* ¶ 10. This threadbare allegation does not satisfy the objective threshold for alleging a constitutional violation under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)("conditions posing a substantial risk of serious harm"); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)(describing conditions that "deprive inmates of the minimal civilized measure of life's necessities"); *Women Prisoners of the D.C. Dep't of Corr. v. District of Columbia*, 93 F.3d 910, 928 (D.C. Cir. 1996)(describing "conditions that are 'soul-chilling'" and 'grossly wanting'").

Even if the complaint could be construed to allege a

constitutional violation, the complaint is devoid of facts sufficient to allege a policy or custom that amounts to the District's deliberate indifference of such a violation. Although it is true that the failure to train, supervise, or discipline city employees can constitute such a policy or custom if it amounts to deliberate indifference towards the constitutional rights of a plaintiff, *see Daskalea v. Dist. of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000), Ms. Russell alleges in a conclusory manner that "[t]he need for training was so obvious that failure to address it was likely to result in a constitutional violation." Compl., ECF No. 1-1 ¶ 38. She has not alleged any deficiencies with respect to the training provided to employees at CTF, or connected any such deficiencies in training with any violation of her constitutional rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)("Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom" that is actionable under § 1983."). Ms. Russell only alleges legal conclusions such as that the District failed to investigate unnamed claims by other inmates regarding constitutional or "other" violations and failed to reprimand employees for unspecified violations of those unspecified inmates' rights. *See* Compl., ECF No. 1-1 ¶ 41.

Such "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678.

**B. Medical Treatment**

To establish an Eighth Amendment violation for failure to provide adequate medical treatment, a plaintiff must allege that: (1) his or her medical need is serious; and (2) that defendant officials acted with a "deliberate indifference to [his or her] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Cox v. Dist. of Columbia*, 834 F. Supp. 439, 441 (D.D.C. 1992). A complaint that alleges negligence in treating the plaintiff does not suffice to state a constitutional claim for inadequate medical treatment. *Estelle*, 429 U.S. at 106. Rather, the plaintiff must establish that "officials had subjective knowledge of the serious medical need and recklessly disregarded the excessive risk to [his or her] health or safety from that risk." *Baker*, 326 F.3d at 1306.

Here, Ms. Russell has not alleged any facts that support an inference that she had a serious medical need after her fall. Ms. Russell alleges that she was not afforded adequate physical or psychological care between the days of her accident on

February 21, 2014 and her release on March 4, 2014. *See id.* ¶¶ 10-13. She has failed to allege that her injuries were so obvious that a layperson would understand her need for medical treatment. *See generally id*. Nor has she alleged any facts that show that the defendant had a subjective knowledge of and "recklessly disregarded the excessive risk to [her] health and safety." *Baker*, 326 F.3d at 1306. Ms. Russell's complaint simply alleges that she tripped, was physically injured and that she suffered serious traumatic and mental health injuries. *See* Compl., ECF No. 1-1 ¶ 10.[3] These allegations are insufficient to support an inference that the District is liable for a constitutional violation based on its conduct.

Ms. Russell's complaint fails to identify any facts that would permit the Court to draw a reasonable inference that the District is liable for a violation of the Eighth Amendment in this case. *See Iqbal*, 556 U.S. at 663. If Ms. Russell obtains discovery that supports her legal conclusions, she can seek to amend at that time. However, because she has failed to support her legal conclusions with factual allegations, the District's motion to dismiss Count Seven of her complaint is **GRANTED**.

**IV. Conclusion**

For the foregoing reasons the District's motion to dismiss

---

[3] Ms. Russell also fails to allege a custom or policy related to her inadequate medical treatment claim. *See supra* at 7-8.

9

Count Seven is **GRANTED**. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan**
**United States District Judge**
**June 17, 2019**